**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

_____

|  |  |  |
|---|---|---|
| SAXON INNOVATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  6:07cv490 |
| | ) | |
| NOKIA CORP., | ) | |
| a Finland Corporation, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| NOKIA, INC., | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| LG ELECTRONICS INC., | ) | |
| a Korean Corporation, | ) | |
| | ) | |
| LG ELECTRONICS U.S.A., INC., | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD., | ) | |
| a Korean Corporation, | ) | |
| | ) | |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC., | ) | |
| a New York Corporation, | ) | |
| | ) | |
| SAMSUNG TELECOMMUNICATIONS | ) | |
| AMERICA, LLC, | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| PALM, INC., | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| RESEARCH IN MOTION LTD., | ) | |
| a Canadian Corporation, | ) | |
| | ) | |
| RESEARCH IN MOTION | ) | |
| CORPORATION, | ) | |
| a Delaware Corporation, | ) | |
| | ) | |

HIGH TECH COMPUTER CORP.,   )
a Taiwanese Corporation,     )
                )
SHARP CORPORATION,     )
a Japanese Corporation,     )
                )
SHARP ELECTRONICS CORP.,   )
a New York Corporation,     )
                )
NINTENDO CO., LTD.,     )
a Japanese Corporation, and    )
                )
NINTENDO OF AMERICA,    )
a Washington Corporation,     )
                )
   Defendants.      )
_____)

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Saxon Innovations, LLC (Saxon) alleges against Defendants Nokia Corp., Nokia, Inc., LG Electronics, Inc., LG Electronics U.S.A., Inc., Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, Palm, Inc., Research in Motion, Ltd., Research in Motion Corporation, High Tech Computer Corp., Sharp Corp., Sharp Electronics Corp., Nintendo Co., Ltd., and Nintendo of America (collectively, Defendants) as follows:

## JURISDICTION

1.  This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and § 1338(a).

## VENUE

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b) because plaintiff Saxon is incorporated in this judicial district, and is subject to personal jurisdiction here.

## THE PARTIES

3.      Plaintiff Saxon Innovations, LLC is a Texas corporation.  Saxon maintains corporate offices at 100 E. Ferguson, Suite 816, First Place, Tyler, TX 75702.  Saxon is in the business of developing and licensing technology related to communications products.

4.      On information and belief, Defendant Nokia Corp. is a foreign corporation organized and existing under the laws of Finland, with its principal place of business at Keilalahdentie 4, FIN-00045 Espoo, Finland.  On information and belief, Defendant Nokia Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 6000 Connection Drive, Irving, TX 75039.  Nokia Corp. and Nokia Inc. are herein collectively referred to as "Nokia."

5.      Nokia is in the business of making, offering for sale, selling and supporting a variety of personal and business communications devices including but not limited to cell phones, handheld computers and other wireless communications devices, wireless infrastructure and enterprise communications systems.

6.      On information and belief, Defendant LG Electronics, Inc. is a foreign corporation organized and existing under the laws of Korea, with its principal place of business at LG Twin Towers, 20, Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, South Korea.  On information and belief, Defendant LG Electronics U.S.A., Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1000 Sylvan Avenue, Englewood Cliffs, NJ 07632. LG Electronics, Inc. and LG Electronics U.S.A., Inc. are herein collectively referred to as "LG."

7.      LG is in the business of making, offering for sale, selling and supporting a variety of personal and business communications devices including but not limited to cell phones, handheld computers and other wireless communications devices.

8.      On information and belief, Defendant Samsung Electronics Co., Ltd. is a foreign corporation organized and existing under the laws of Korea, with its principal place of business located at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul 100-742, Korea.  On information and belief, Defendant Samsung Electronics America, Inc., is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 105 Challenger Road, Ridgefield Park, NJ 07660.  On information and belief, Samsung Telecommunications America, LLC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1301 Lookout Dr., Richardson, TX 75082.  Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America are herein collectively referred to as "Samsung."

9.      Samsung is in the business of making, offering for sale, selling and supporting a variety of personal and business communications devices including but not limited to cell phones, handheld computers and other wireless communications devices, wireless infrastructure and enterprise communications systems, as well as semiconductors used in such products and systems.

10.      On information and belief, Defendant Palm, Inc. ("Palm") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 950 W. Maude Ave., Sunnyvale, CA 94085.

11.     Palm is in the business of making, offering for sale, selling and supporting a variety of personal communications devices, including but not limited to cell phones, handheld computers and other wireless communications devices.

12.     On information and belief, Defendant Research In Motion Ltd. is a foreign corporation organized and existing under the laws of Canada, with its principal place of business at 295 Phillip Street, Waterloo, ON N2L 3W8, Canada.  On information and belief, Defendant Research in Motion Corporation is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 122 W. John Carpenter Pkwy., Ste. 430, Irving, TX 75039.  Research In Motion Ltd. of Canada and Research in Motion Corporation of Delaware are collectively referred to herein as "RIM."

13.     RIM is in the business of making, offering for sale, selling and supporting wireless hardware, software and services, including but not limited to cell phones, handheld computers and other wireless communications devices.

14.     On information and belief, High Tech Computer Corp. is a foreign corporation organized and existing under the laws of Taiwan, with its principal place of business at 23 Hsin Hua Rd., Taoyuan, 330, Taiwan.  High Tech Computer Corp. is referred to hereinafter as "HTC."

15.     HTC is in the business of making, offering for sale, selling and supporting wireless hardware, software and services, including but not limited to cell phones, handheld computers and other wireless communications devices.

16.     On information and belief, Defendant Sharp Corporation is a foreign corporation organized and existing under the laws of Japan, with its principal place of

business at  22-22 Nagaike-cho, Abeno-ku, Osaka 545-8522, Japan.  On information and belief, Defendant Sharp Electronics Corporation is a corporation organized and existing under the laws of the state of New York, with its principal place of business at 1 Sharp Plaza, Mahwah, NJ 07430-2135.  Sharp Corporation and Sharp Electronics Corporation are collectively referred to herein as "Sharp."

17.     Sharp is in the business of making, offering for sale, selling and supporting a variety of personal and business communications devices including but not limited to cell phones, handheld computers and other wireless communications devices.

18.     On information and belief, Defendant Nintendo Co., Ltd. is a foreign corporation organized and existing under the laws of Japan, with its principal place of business at 11-1 Kamitoba hokotate-cho, Minami-ku, Kyoto 601-8501, Japan.   On information and belief, Defendant Nintendo of America is a corporation organized and existing under the laws of the state of Washington, with its principal place of business at 4820 105th Ave. NE, Redmond, WA 98052.   Nintendo Co., Ltd. and Nintendo of America are collectively referred to herein as "Nintendo."

19.     Nintendo is in the business of making, offering for sale, selling and supporting gaming devices, including gaming devices operating over wireless networks.

## COUNT I

### (Infringement of U.S. Patent No. 5,592,555)

20.     On January 7, 1997, United States Patent No. 5,592,555 (the '555 Patent), for an invention entitled "Wireless Communications Privacy Method and System," was

duly and legally issued by the United States Patent Office (a copy of the '555 patent is attached herewith as Exhibit A).  Saxon is the owner of the '555 Patent.

21.     On information and belief, Nokia, LG, Samsung, Palm, RIM, HTC, Sharp and Nintendo have been and still are infringing, contributing to the infringement of, and/or inducing the infringement of the '555 Patent by making, selling, using, offering for sale, and/or importing into the United States products embodying the patented invention and will continue to do so unless enjoined by this Court.

22.     Saxon has been damaged by Nokia, LG, Samsung, Palm, RIM, HTC, Sharp and Nintendo's infringement, which will continue unless enjoined by this Court.


## COUNT II

### (Infringement of U.S. Patent No. 5,771,394)

23.     On June 23, 1998, United States Patent No. 5,771,394 (the '394 Patent), for an invention entitled "Apparatus Having Signal Processors for Providing Respective Signals to Master Processor to Notify that Newly Written Data Can Be Obtained from One or More Memories," was duly and legally issued by the United States Patent Office (a copy of the '394 patent is attached herewith as Exhibit B).  Saxon is the owner of the '394 Patent.

24.     On information and belief, Nokia, LG, Samsung, Palm, RIM, HTC, and Nintendo have been and still are infringing, contributing to the infringement of, and/or inducing the infringement of the '394 Patent by making, selling, using, offering for sale, and/or importing into the United States products embodying the patented invention and will continue to do so unless enjoined by this Court.

25.     Saxon has been damaged by Nokia, LG, Samsung, Palm, RIM, HTC, and Nintendo's infringement, which will continue unless enjoined by this Court.

## COUNT III

(Infringement of U.S. Patent No. 5,502,689)

26.     On March 26, 1996, United States Patent No. 5,502,689 (the '689 Patent), for an invention entitled "Clock Generator Capable of Shut-Down Mode and Clock Generation Method," was duly and legally issued by the United States Patent Office (a copy of the '689 patent is attached herewith as Exhibit C).  Saxon is the owner of the '689 Patent.

27.     On information and belief, Nokia, LG, Samsung, Palm, RIM, HTC, and Sharp have been and still are infringing, contributing to the infringement of, and/or inducing the infringement of the '689 Patent by making, selling, using, offering for sale, and/or importing into the United States products embodying the patented invention and will continue to do so unless enjoined by this Court.

28.     Saxon has been damaged by Nokia, LG, Samsung, Palm, RIM, HTC, and Sharp's infringement, which will continue unless enjoined by this Court.

## COUNT IV

(Infringement of U.S. Patent No. 5,247,621)

29.     On September 21, 1993, United States Patent No. 5,247,621 (the '621 Patent), for an invention entitled "System and Method for Processor Bus Use," was duly and legally issued by the United States Patent Office (a copy of the '621 patent is attached herewith as Exhibit D).  Saxon is the owner of the '621 Patent.

30.     On information and belief, Nokia, LG, Samsung, Palm, RIM, HTC, Sharp and Nintendo have been and still are infringing, contributing to the infringement of, and/or inducing the infringement of the '621 Patent by making, selling, using, offering for sale, and/or importing into the United States products embodying the patented invention and will continue to do so unless enjoined by this Court.

31.     Saxon has been damaged by Nokia, LG, Samsung, Palm, RIM, HTC, Sharp and Nintendo's infringement, which will continue unless enjoined by this Court.

**WHEREFORE**, Saxon prays for judgment and relief as follows:

A.     A preliminary and permanent injunction against Defendants' continued infringement, inducing of infringement, and contributing to infringement of the '555, '394, '689 and/or '621 patents (collectively the "patents in suit");

B.     An award of damages in favor of Saxon and against Defendants sufficient to compensate Saxon for Defendants' infringement of the patents in suit, and an assessment of prejudgment interest and post-judgment interest;

C.     A finding by the Court that this case is exceptional under 35 U.S.C. § 285;

D.     An award to Saxon of its reasonable expenses, including attorneys' fees, and costs of this action; and

E.     Such other and further relief as the Court finds just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff Saxon hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

_____
T. John Ward, Jr.
State Bar No. 00794818
**WARD & SMITH LAW FIRM**
111 W. Tyler St.
Longview, Texas 75601
Phone (903) 757-6400
Fax (903) 757-2323
E-mail: jw@jwfirm.com

Attorneys for Plaintiff

OF COUNSEL:

William D. Belanger
Michael T. Renaud
Pepper Hamilton LLP
Suite 1010
101 Federal Street
Boston, MA 02110
Phone (617) 956-4350
Fax (617) 956-4351