IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| SAXON INNOVATIONS, LLC | § § § | |
| Plaintiff. | § | |
| v. | § § | CIVIL ACTION NO. 6:07-cv-490-LED |
| NOKIA CORP., ET AL. | § § | |
| | § | JURY TRIAL DEMANDED |
| Defendant. | § § § | |

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC**

Defendants Samsung Electronics Co., Ltd. (SEC), Samsung Electronics America, Inc. (SEA), and Samsung Telecommunications America, LLC, ("STA") answer the Complaint for Patent Infringement of Saxon Innovations, LLC, ("Saxon") as follows:

**JURISDICTION**

1.   SEC, SEA, and STA admit that this action arises under the Patent Laws of the United States, 35 U.S.C. § 101 et seq., and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**VENUE**

2.   SEC, SEA, and STA lack information sufficient to form a belief as to Saxon's place of incorporation. Additionally, Saxon's place of incorporation is immaterial to whether venue is proper in this judicial district. SEC, SEA, and STA lack information sufficient to form a belief as to whether venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)

and (c). SEC, SEA, and STA admit that venue is permitted in this judicial district at the present time pursuant to 28 U.S.C. § 1400(b).

## THE PARTIES

3. SEC, SEA, and STA are informed and believe that the facts alleged in paragraph 3 of the Complaint are true, and on that basis admits the allegations.

4. SEC, SEA, and STA lack information sufficient to form a belief as to the facts alleged in paragraph 4 of the Complaint, and on that basis deny the allegations.

5. SEC, SEA, and STA lack information sufficient to form a belief as to the facts alleged in paragraph 5 of the Complaint, and on that basis deny the allegations.

6. SEC, SEA, and STA lack information sufficient to form a belief as to the facts alleged in paragraph 6 of the Complaint, and on that basis deny the allegations.

7. SEC, SEA, and STA lack information sufficient to form a belief as to the facts alleged in paragraph 7 of the Complaint, and on that basis deny the allegations.

8. SEC, SEA, and STA admit the allegations of paragraph 8, except as follows. SEC, SEA, and STA deny that STA is a corporation. STA is a limited liability partnership with its place of business at 1301 East Lookout Dr., Richardson, TX 75082. STA's principal place of business is 1130 Arapaho Road, Richardson, Texas.

9. SEC, SEA, and STA admit that STA offers for sale, sells, and supports a variety of personal and business communication devices including cell phones. SEC, SEA, and STA lack information sufficient to form a belief concerning Saxon's definition of the terms "handheld computers and other wireless communications devices, wireless infrastructure and enterprise communications systems, as well as semiconductors used in such products and systems," as used

in Saxon's Complaint. Except as expressly admitted, SEC, SEA, and STA otherwise deny the allegations of paragraph 9.

10. SEC, SEA, and STA lack information sufficient to form a belief as to the facts alleged in paragraph 10 of the Complaint, and on that basis deny the allegations.

11. SEC, SEA, and STA lack information sufficient to form a belief as to the facts alleged in paragraph 11 of the Complaint, and on that basis deny the allegations.

12. SEC, SEA, and STA lack information sufficient to form a belief as to the facts alleged in paragraph 12 of the Complaint, and on that basis deny the allegations.

13. SEC, SEA, and STA lack information sufficient to form a belief as to the facts alleged in paragraph 13 of the Complaint, and on that basis deny the allegations.

14. SEC, SEA, and STA lack information sufficient to form a belief as to the facts alleged in paragraph 14 of the Complaint, and on that basis deny the allegations.

15. SEC, SEA, and STA lack information sufficient to form a belief as to the facts alleged in paragraph 15 of the Complaint, and on that basis deny the allegations.

16. SEC, SEA, and STA lack information sufficient to form a belief as to the facts alleged in paragraph 16 of the Complaint, and on that basis deny the allegations.

17. SEC, SEA, and STA lack information sufficient to form a belief as to the facts alleged in paragraph 17 of the Complaint, and on that basis deny the allegations.

18. SEC, SEA, and STA lack information sufficient to form a belief as to the facts alleged in paragraph 18 of the Complaint, and on that basis deny the allegations.

19. SEC, SEA, and STA lack information sufficient to form a belief as to the facts alleged in paragraph 19 of the Complaint, and on that basis deny the allegations.

## COUNT I

(Alleged Infringement of U.S. Patent No. 5,592,555)

20.     SEC, SEA, and STA admit that United States Patent No. 5,592,555 ("the '555 Patent") is entitled "Wireless Communications Privacy Method and System," and that it purports to have been issued by the United States Patent and Trademark Office on January 7, 1997.  SEC, SEA, and STA admit that what purports to be a copy of the '555 patent is attached to Saxon's Complaint.  SEC, SEA, and STA lack information sufficient to form a belief as to the facts not otherwise admitted in paragraph 20 of the Complaint, and on that basis deny the allegations.

21.     SEC, SEA, and STA deny the allegations of paragraph 21 insofar as they are intended to apply to SEC, SEA, and STA.  SEC, SEA, and STA lack information sufficient to form a belief as to the allegations of paragraph 21 insofar as they apply to their co-defendants, and on that basis deny the allegations.

22.     SEC, SEA, and STA deny the allegations of paragraph 22 insofar as they are intended to apply to SEC, SEA, and STA.  SEC, SEA, and STA lack information sufficient to form a belief as to the allegations of paragraph 22 insofar as they apply to their co-defendants, and on that basis deny the allegations.

## COUNT II

(Alleged Infringement of U.S. Patent No. 5,771,394)

23.     SEC, SEA, and STA admit that United States Patent No. 5,771,394 ("the '394 Patent") is entitled "Apparatus Having Signal Processors for Providing Respective Signals to Master Processor to Notify that Newly Written Data Can Be Obtained from One or More Memories," and that it purports to have been issued by the United States Patent and Trademark Office on June 23, 1998.  SEC, SEA, and STA admit that what purports to be a copy of the '394

patent is attached to Saxon's Complaint. SEC, SEA, and STA lack information sufficient to form a belief as to the facts not otherwise admitted in paragraph 23 of the Complaint, and on that basis deny the allegations.

24. SEC, SEA, and STA deny the allegations of paragraph 24 insofar as they are intended to apply to SEC, SEA, and STA. SEC, SEA, and STA lack information sufficient to form a belief as to the allegations of paragraph 24 insofar as they apply to their co-defendants, and on that basis deny the allegations.

25. SEC, SEA, and STA deny the allegations of paragraph 25 insofar as they are intended to apply to SEC, SEA, and STA. SEC, SEA, and STA lack information sufficient to form a belief as to the allegations of paragraph 25 insofar as they apply to their co-defendants, and on that basis deny the allegations.

## COUNT III

(Alleged Infringement of U.S. Patent No. 5,502,689)

26. SEC, SEA, and STA admit that United States Patent No. 5,502,689 ("the '689 Patent") is entitled "Clock Generator Capable of Shut-Down Mode and Clock Generation Method," and purports to have been issued by the United States Patent and Trademark Office on March 26, 1996. SEC, SEA, and STA admit that what purports to be a copy of the '689 patent is attached to Saxon's Complaint. SEC, SEA, and STA lack information sufficient to form a belief as to the facts not otherwise admitted in paragraph 26 of the Complaint, and on that basis deny the allegations.

27. SEC, SEA, and STA deny the allegations of paragraph 27 insofar as they are intended to apply to SEC, SEA, and STA. SEC, SEA, and STA lack information sufficient to

form a belief as to the allegations of paragraph 27 insofar as they apply to their co-defendants, and on that basis deny the allegations.

28. SEC, SEA, and STA deny the allegations of paragraph 28 insofar as they are intended to apply to SEC, SEA, and STA. SEC, SEA, and STA lack information sufficient to form a belief as to the allegations of paragraph 28 insofar as they apply to their co-defendants, and on that basis deny the allegations.

## COUNT IV

(Alleged Infringement of U.S. Patent No. 5,247,621)

29. SEC, SEA, and STA admit that United States Patent No. 5,247,621 ("the '621 Patent") is entitled "System and Method for Processor Bus Use," and purports to have been issued by the United States Patent and Trademark Office on September 21, 1993. SEC, SEA, and STA admit that what purports to be a copy of the '621 patent is attached to Saxon's Complaint. SEC, SEA, and STA lack information sufficient to form a belief as to the facts not otherwise admitted in paragraph 29 of the Complaint, and on that basis deny the allegations.

30. SEC, SEA, and STA deny the allegations of paragraph 30 insofar as they are intended to apply to SEC, SEA, and STA. SEC, SEA, and STA lack information sufficient to form a belief as to the allegations of paragraph 30 insofar as they apply to their co-defendants, and on that basis deny the allegations.

31. SEC, SEA, and STA deny the allegations of paragraph 31 insofar as they are intended to apply to SEC, SEA, and STA. SEC, SEA, and STA lack information sufficient to form a belief as to the allegations of paragraph 31 insofar as they apply to their co-defendants, and on that basis deny the allegations.

## DEFENSES

### FIRST DEFENSE

32. Saxon's Complaint fails to state facts sufficient to state a cause of action and fails to state any claim upon which relief may be granted, at a minimum because it fails to identify any product or service, or even any category of products or services, that it accuses of infringement of any of the patents-in-suit.

### SECOND DEFENSE

33. One or more claims of U.S. Patent Nos. 5,592,555; 5,771,394; 5,502,689; and 5,247,621 are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

### THIRD DEFENSE

34. While Saxon has not specifically accused any product of infringement in its Complaint, Defendants' activities, and the use of products sold by STA and SEA by their customers, do not infringe any one or more of the claims of U.S. Patent Nos. 5,592,555; 5,771,394; 5,502,689; and 5,247,621.

### FOURTH DEFENSE

35. Prosecution history estoppel bars Saxon from proving infringement of the asserted claims under the doctrine of equivalents. Saxon is estopped from construing the asserted claims of U.S. Patent Nos. 5,592,555; 5,771,394; 5,502,689; and 5,247,621 in such a way as may cover Defendants' activities by reason of statements made to the United States Patent and Trademark Office during the prosecution of the applications that issued as the '555 patent, the '394 patent, the '689 patent, and the '621 patent.

**FIFTH DEFENSE**

36. Saxon's claims are barred by the equitable doctrines of laches, estoppel, waiver, implied license, marking, and/or unclean hands.

**SIXTH DEFENSE**

37. The claims and parties in this action are improperly joined under Rule 20 of the Federal Rules of Civil Procedure because there are questions of law or fact that are not common to all of the defendants, and the Complaint should be dismissed or, in the alternative, its claims against SEC, SEA, and STA should be severed for trial.

**SEVENTH DEFENSE**

Although Saxon has not specified any of Defendants' products or services as infringing, Defendants' products accused by Saxon in documents that Saxon has shared with Defendants have substantial noninfringing uses foreclosing liability for contributory infringement.

**EIGHTH DEFENSE**

Neither preliminary nor permanent injunctive relief are available to Saxon under the legal standards for injunctions because, among other things, plaintiff is not competing with SEC, SEA, or STA and is not practicing the alleged inventions. In addition, the balance of hardships and public interest do not favor an injunction in this case. *See eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

**NINTH DEFENSE**

Damages based upon Saxon's allegations of infringement are barred by 35 U.S.C. § 286 to the extent it seeks any recovery for any alleged infringing acts that occurred more than six years before the filing of the Complaint.

## COUNTERCLAIMS

38.     For its Counterclaims, Defendants STA and SEA state as follows:

## PARTIES

39.     Defendants are informed and believe, and thereupon allege, that counterclaim Defendant Saxon claims to be a corporation incorporated under the laws of the State of Texas, having corporate offices at 100 E. Ferguson, Suite 816, First Place, Tyler, TX 75702.

40.     Counterclaimant Samsung Electronics America, Inc., is a corporation incorporated under the laws of the State of New York, having its principal place of business in Ridgefield Park, NJ.  Counterclaimant Samsung Telecommunications America, LLC, is a limited liability partnership under the laws of the State of Delaware, with its principal place of business in Richardson, TX.

## JURISDICTION AND VENUE

41.     This is an action for declaratory judgment of non-infringement of U.S. Patent No. 5,592,555 ("the '555 patent"); U.S. Patent No. 5,771,394 ("the '394 patent"); U.S. Patent No. 5,502,689 ("the '689 patent"); and U.S. Patent No. 5,247,621 ("the '621 patent").  This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

42.     Venue is permitted in this judicial district at the present time pursuant to 28 U.S.C. § 1400(b), although pending legislation may render venue inappropriate in this district. SEA and STA reserve the right to seek transfer of venue of the Complaint and of these Counterclaims following the enactment of pending patent legislation.

## GENERAL ALLEGATIONS

43. On October 18, 2007, Saxon filed suit against SEC, SEA, and STA, claiming infringement of the '555, '394, '689, and '621 patents.

44. A justiciable controversy exists between Saxon and SEA and STA concerning the infringement and validity of the '555, '394, '689, and '621 patents.

## FIRST COUNTERCLAIM

### (NON-INFRINGMENT OF THE SAXON PATENTS-IN-SUIT)

45. SEA and STA incorporate paragraphs 38 – 44 as if fully set forth herein.

46. SEA and STA have not and are not now infringing, contributorily infringing, or inducing infringement of the claims of the '555 patent asserted by the plaintiff in this litigation ("the asserted '555 claims") by virtue of making, using, selling, or offering for sale a variety of personal and communications devices that may be accused by Saxon.

47. SEA and STA are entitled to a declaratory judgment that they do not infringe the asserted '555 claims.

48. SEA and STA have not and are not now infringing, contributorily infringing, or inducing infringement of the claims of the '394 patent asserted by the plaintiff in this litigation ("the asserted '394 claims") by virtue of making, using, selling, or offering for sale a variety of personal and communications devices that may be accused by Saxon.

49. SEA and STA are entitled to a declaratory judgment that they do not infringe the asserted '394 claims.

50. SEA and STA have not and are not now infringing, contributorily infringing, or inducing infringement of the claims of the '689 patent asserted by the plaintiff in this litigation ("the asserted '689 claims") by virtue of making, using, selling, or offering for sale a variety of

personal and communications devices that may be accused by Saxon.

51. SEA and STA are entitled to a declaratory judgment that they do not infringe the asserted '689 claims.

52. SEA and STA have not and are not now infringing, contributorily infringing, or inducing infringement of the claims of the '621 patent asserted by the plaintiff in this litigation ("the asserted '621 claims") by virtue of making, using, selling, or offering for sale a variety of personal and communications devices that may be accused by Saxon.

53. SEA and STA are entitled to a declaratory judgment that they do not infringe the asserted '621 claims.

## **REQUEST FOR RELIEF**

WHEREFORE, SEA and STA pray for judgment that:

A. Saxon's Complaint be dismissed in its entirety with prejudice;

B. Saxon is not entitled to the relief prayed for in its Complaint, or to any relief whatsoever;

C. U. S. Patent No. 5,592,555 has never been, and is not now, infringed by SEA or STA or their affiliates or related entities, or by any other person using their products in this judicial district or anywhere in the United States;

D. U. S. Patent No. 5,771,394 has never been, and is not now, infringed by SEA or STA or their affiliates or related entities, or by any other person using their products in this judicial district or anywhere in the United States;

E. U. S. Patent No. 5,502,689 has never been, and is not now, infringed by SEA or STA or their affiliates or related entities, or by any other person using their products in this judicial district or anywhere in the United States;

F.     U. S. Patent No. 5,247,621 has never been, and is not now, infringed by SEA or STA or their affiliates or related entities, or by any other person using their products in this judicial district or anywhere in the United States;

G.     No damages or royalties are due or owing for any of the acts alleged by Saxon in its Complaint; and

H.     SEA and STA be awarded its costs (including expert fees), disbursements, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), SEC, SEA, and STA demand a trial by jury on all issues so triable.

Respectfully Submitted,

_/s/ Eric M. Albritton_

Eric M. Albritton
State Bar No. 00790215
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (office)
(903) 758-7397 (fax)
ema@emafirm.com

Attorneys for Defendants Samsung
Electronics Co., Ltd., Samsung Electronics
America, Inc., and Samsung
Telecommunications America, LLC

OF COUNSEL:

Michael K. Plimack
Michael M. Markman
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Tel: (415) 772-6000
Fax: (415) 772-6268

Robert T. Haslam
Catherine Shiang
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA 94025-3506
Tel: (650) 324-7000
Fax: (650) 324-0638

Jeffrey S. Walker
HELLER EHRMAN LLP
One East Main Street, Suite 201
Madison, WI 53703-5118
Tel: (650) 324-7000
Fax: (608) 663-7499

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).   Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 5th day of March, 2008.

_____
Eric M. Albritton