IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SAXON INNOVATIONS, LLC,<br><br>      Plaintiff,<br>v.<br><br>NOKIA CORP., *et al*.,<br><br>      Defendants. | CIVIL ACTION NO. 6:07-cv-490-LED-JDL<br><br>JURY TRIAL DEMANDED |

**DEFENDANT RESEARCH IN MOTION LIMITED'S
FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Research In Motion Ltd. ("RIM Ltd.") files the following first amended answer, affirmative defenses, and counterclaims in response to Plaintiff Saxon Innovations, LLC's ("Saxon's") First Amended Complaint for Patent Infringement.

**Answers to Saxon's Allegations of Patent Infringement**

RIM Ltd. answers the allegations in the separately numbered paragraphs of Saxon's Complaint as follows:

1.      With regard to the allegations of Paragraph 1, RIM Ltd. admits that this action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq.  RIM Ltd. further admits that this Court has jurisdiction over RIM Ltd. and Research In Motion Corporation pursuant to 28 U.S.C. §§ 1331 and 1338(a).  However, RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations relating to jurisdiction for the other Defendants, and therefore denies same.

2.      With regard to the allegations of Paragraph 2, RIM Ltd. admits that venue is

proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 2 and therefore denies same.

3. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 3 and therefore denies same.

4. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 4 and therefore denies same.

5. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 5 and therefore denies same.

6. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 6 and therefore denies same.

7. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 7 and therefore denies same.

8. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 8 and therefore denies same.

9. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 9 and therefore denies same.

10. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 10 and therefore denies same.

11. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 11 and therefore denies same.

12. With regard to the allegations of Paragraph 12, RIM Ltd. admits that RIM Ltd. and Research In Motion Corporation have already entered an appearance in this action and that

service has been effectuated through RIM Ltd.'s and Research in Motion Corporation's counsel of record.

13. With regard to the allegations of Paragraph 13, RIM Ltd. admits that RIM Ltd. and Research In Motion Corporation are in the business of making, offering for sale, and selling wireless communication devices, some of which being activated for cellular communication. All other allegations in Paragraph 13, either express or implied, are denied.

14. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 14 and therefore denies same.

15. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 15 and therefore denies same.

16. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 16 and therefore denies same.

17. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 17 and therefore denies same.

18. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 18 and therefore denies same.

19. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 19 and therefore denies same.

20. With regard to the allegations of Paragraph 20, RIM Ltd. admits that on January 7, 1997, United States Patent No. 5,592,555 ("the '555 patent") was issued by the United States Patent Office and that the '555 patent is entitled "Wireless Communications Privacy Method And System." RIM Ltd. further admits that a copy of the '555 patent was attached to the First Amended Complaint as Exhibit A. However, RIM Corp. is without information sufficient to

determine whether the '555 patent was "duly and legally" issued and therefore denies same. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 20 and therefore denies same.

21. With regard to the allegations of Paragraph 21 relating to RIM Ltd. and Research In Motion Corporation, for at least the reason that Saxon's allegations lack specificity, RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 21 and therefore denies same. With regard to the allegations of Paragraph 21 relating to defendants other than RIM Ltd. and Research In Motion Corporation, RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies same.

22. With regard to the allegations of Paragraph 22 relating to RIM Ltd. and Research In Motion Corporation, for at least the reason that Saxon's allegations lack specificity, RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 22 and therefore denies same. With regard to the allegations of Paragraph 22 relating to defendants other than RIM Ltd. and Research In Motion Corporation, RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies same.

23. With regard to the allegations of Paragraph 23, RIM Ltd. admits that on June 23, 1998, United States Patent No. 5,771,394 ("the '394 patent") was issued by the United States Patent Office, and that the '394 patent is entitled "Apparatus Having Signal Processors For Providing Respective Signals To Master Processor To Notify That Newly Written Data Can Be Obtained From One Or More Memories." RIM Ltd. further admits that a copy of the '394 patent was attached to the First Amended Complaint as Exhibit B. However, RIM Corp. is without

information sufficient to determine whether the '394 patent was "duly and legally" issued and therefore denies same. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 23 and therefore denies same.

24. With regard to the allegations of Paragraph 24 relating to RIM Ltd. and Research In Motion Corporation, for at least the reason that Saxon's allegations lack specificity, RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 24 and therefore denies same. With regard to the allegations of Paragraph 24 relating to defendants other than RIM Ltd. and Research In Motion Corporation, RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies same.

25. With regard to the allegations of Paragraph 25 relating to RIM Ltd. and Research In Motion Corporation, for at least the reason that Saxon's allegations lack specificity, RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 25 and therefore denies same. With regard to the allegations of Paragraph 25 relating to defendants other than RIM Ltd. and Research In Motion Corporation, RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies same.

26. With regard to the allegations of Paragraph 26, RIM Ltd. admits that on March 26, 1996, United States Patent No. 5,502,689 ("the '689 patent") was issued by the United States Patent Office, and that the '689 patent is entitled "Clock Generator Capable Of Shut-Down Mode And Clock Generation Method." RIM Ltd. further admits that a copy of the '689 patent was attached to the First Amended Complaint as Exhibit C. However, RIM Corp. is without information sufficient to determine whether the '689 patent was "duly and legally" issued and

therefore denies same.  Moreover, RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 26 and therefore denies same.

27.     With regard to the allegations of Paragraph 27 relating to RIM Ltd. and Research In Motion Corporation, for at least the reason that Saxon's allegations lack specificity, RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 27 and therefore denies same.  With regard to the allegations of Paragraph 27 relating to defendants other than RIM Ltd. and Research In Motion Corporation, RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies same.

28.     With regard to the allegations of Paragraph 28 relating to RIM Ltd. and Research In Motion Corporation, for at least the reason that Saxon's allegations lack specificity, RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 28 and therefore denies same.  With regard to the allegations of Paragraph 28 relating to defendants other than RIM Ltd. and Research In Motion Corporation, RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies same.

29.     With regard to the allegations of Paragraph 29, RIM Ltd. admits that on September 21, 1993, United States Patent No. 5,247,621 ("the '621 patent") was issued by the United States Patent Office, and that the '621 patent is entitled "System And Method For Processor Bus Use."  RIM Ltd. further admits that a copy of the '621 patent was attached to the First Amended Complaint as Exhibit D.  However, RIM Corp. is without information sufficient to determine whether the '621 patent was "duly and legally" issued and therefore denies same.

Moreover, RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 29 and therefore denies same.

30. With regard to the allegations of Paragraph 30 relating to RIM Ltd. and Research In Motion Corporation, for at least the reason that Saxon's allegations lack specificity, RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 30 and therefore denies same. With regard to the allegations of Paragraph 30 relating to defendants other than RIM Ltd. and Research In Motion Corporation, RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies same.

31. With regard to the allegations of Paragraph 31 relating to RIM Ltd. and Research In Motion Corporation, for at least the reason that Saxon's allegations lack specificity, RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 31 and therefore denies same. With regard to the allegations of Paragraph 31 relating to Defendants other than RIM Ltd. and Research In Motion Corporation, RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies same.

### Response to Saxon's Prayer For Relief

The allegations in the paragraph requesting relief are in the nature of prayer. Although no answer is required, RIM Ltd. responds to the individual requests for relief as follows:

A. With respect to Saxon's prayer for judgment and relief against RIM Ltd. and Research In Motion Corporation, RIM Ltd. denies that Saxon is entitled to the requested preliminary and permanent injunction and denies any and all liability for Saxon's claims. With respect to Saxon's requested judgment against and relief from defendants other than RIM Ltd.

and Research In Motion Corporation, RIM Ltd. is without information sufficient to form a response and therefore denies that Saxon is entitled to the requested judgment and relief.

B.   With respect to Saxon's prayer for judgment and relief against RIM Ltd. and Research In Motion Corporation, RIM Ltd. denies that Saxon is entitled to the requested damages and prejudgment and post-judgment interest and denies any and all liability for Saxon's claims. With respect to Saxon's requested judgment against and relief from defendants other than RIM Ltd. and Research In Motion Corporation, RIM Ltd. is without information sufficient to form a response and therefore denies that Saxon is entitled to the requested judgment and relief.

C.   With respect to Saxon's prayer for judgment and relief against RIM Ltd. and Research In Motion Corporation, RIM Ltd. denies that Saxon is entitled to the requested finding that this is an exceptional case and denies any and all liability for Saxon's claims. With respect to Saxon's requested judgment against and relief from defendants other than RIM Ltd. and Research In Motion Corporation, RIM Ltd. is without information sufficient to form a response and therefore denies that Saxon is entitled to the requested judgment and relief.

D   With respect to Saxon's prayer for judgment and relief against RIM Ltd. and Research In Motion Corporation, RIM Ltd. denies that Saxon is entitled to the requested expenses, including attorneys' fees and costs of this action, and denies any and all liability for Saxon's claims. With respect to Saxon's requested judgment against and relief from defendants other than RIM Ltd. and Research In Motion Corporation, RIM Ltd. is without information sufficient to form a response and therefore denies that Saxon is entitled to the requested judgment and relief.

E.   With respect to Saxon's prayer for judgment and relief against RIM Ltd. and

Research In Motion Corporation, RIM Ltd. denies any and all liability for the alleged conduct, denies that any relief sought by Saxon is warranted, and requests that Saxon's requested relief by denied. With respect to Saxon's requested judgment against and relief from defendants other than RIM Ltd. and Research In Motion Corporation, RIM Ltd. is without information sufficient to form a response and therefore denies that Saxon is entitled to any judgment or relief on its claims.

### Defenses and Affirmative Defenses

### Non-Infringement

1. Upon information and belief, RIM Ltd. has not infringed and does not infringe any of the claims of U.S. Patent No. 5,592,555 ("the '555 patent"), U.S. Patent No. 5,771,394 ("the '394 patent"), U.S. Patent No. 5,502,689 ("the '689 patent"), and U.S. Patent No. 5,247,621 ("the '621 patent"), literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

### Patent Invalidity

2. Upon information and belief, each of the claims of the '555 patent, the '394 patent, the '689 patent, and the '621 patent is invalid for failing to comply with one or more of the conditions and requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

### Prosecution History Estoppel

3. Upon information and belief, because of proceedings in the PTO during the prosecution of the applications which resulted in the '555 patent, the '394 patent, the '689 patent, and the '621 patent, as shown by the respective prosecution histories thereof, Saxon is estopped

to claim a construction of any of these patents that would cause any valid claim thereof to cover or include any products that are or have been manufactured, used, sold or offered for sale by RIM Ltd., either literally or under the doctrine of equivalents.

### Bad Faith

4.     Upon information and belief, Saxon has brought this suit in bad faith making it an exceptional case, thereby entitling RIM Ltd. to its costs and attorneys fees pursuant to 35 U.S.C. § 285.

### No Irreparable Harm

5.     Saxon is not entitled to injunctive relief because any alleged injury to Saxon as a result of RIM Ltd.'s alleged activities is not immediate or irreparable, and Saxon has an adequate remedy at law.

### License

6.     Upon information and belief, Saxon's claims against RIM Ltd. for alleged infringement of each of the '555 patent, the '394 patent, the '689 patent, and the '621 patent are barred by license, direct or indirect.

### Inequitable Conduct

7.     Saxon's allegations of infringement of the '689 patent are barred because the '689 patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct.

8.     Upon information and belief, one or more individuals associated with the filing and prosecution of the '689 Patent application withheld material information from the United States Patent and Trademark Office ("USPTO") with an intent to deceive.

9.     Specifically, upon information and belief, one or more persons involved with the filing and/or prosecution of the '689 patent, including, but not limited to, Dale E. Gulick,

withheld, from the USPTO, two "data books" published by the original assignee of the '689 patent, Advanced Micro Devices, Inc. ("AMD").

10. Those data books, a June 1990 Rev. E version of the Am79C30A Digital Subscriber Controller and a June 1992 Rev. F version of the Am79C30A Digital Subscriber Controller Circuit (collectively, "the Am79C30A Data Books"), disclose each and every limitation of the issued claims of the '689 patent.

11. The Am79C30A Data Books were published by AMD prior to the priority date of the '689 patent and are therefore prior art to the claims of the '689 patent pursuant to 35 U.S.C. § 102.

12. As the Am79C30A Data Books disclose each and every limitation of one or more of the issued claims of the '689 patent, and as the Am79C30A Data Books are prior art to the claims of the '689 patent pursuant to 35 U.S.C. § 102, the Am79C30A Data Books were highly material to the patentability of the claims of the '689 patent.

13. Upon information and belief, at least Mr. Gulick was specifically aware of the disclosures of the relevant portions of the Am79C30A Data Books prior to and during the prosecution of the '689 patent as evidenced by the existence of several articles authored by Mr. Gulick discussing the Am79C30A digital subscriber controller circuit published prior to the priority date of the '689 patent.

14. Despite their high level of materiality, upon information and belief, Mr. Gulick and/or others involved with the filing and/or prosecution of the '689 patent withheld (i.e., failed to submit) the Am79C30A Data Books to the USPTO during the prosecution of the '689 patent.

15. Upon information and belief, Mr. Gulick and/or others withheld the Am79C30A Data Books from the USPTO with an intent to deceive, as the claims of the '689 patent would

not have issued in their current form had the Am79C30A Data Books been provided to the USPTO. Moreover, the high level of materiality of the Am79C30A Data Books results in an inference of an intent to deceive the USPTO.

16. As such, upon information and belief, Mr. Gulick, a named inventor of the '689 patent, and/or others, committed inequitable conduct, and the '689 patent is therefore unenforceable.

WHEREFORE RIM Ltd. prays that this Court dismiss Saxon's action and enter judgment that Saxon take nothing on its claims against RIM Ltd. and award RIM Ltd. its attorney's fees and costs of defending this action and such other and further relief as it may be entitled.

## COUNTERCLAIMS

### Parties

1. Research In Motion Ltd. ("RIM Ltd.") is a corporation organized and existing under the laws of the province of Ontario, Canadian, having its principal place of business at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8.

2. Upon information and belief, Saxon Innovations LLC ("Saxon") is a Texas corporation with its corporate offices at 100 E. Ferguson, Suite 816, First Place, Tyler, Texas 75702. As Saxon is the plaintiff in the above-captioned action, it may be served with a copy of this Counterclaim by serving this document in accordance with Rule 5 of the Federal Rules of Civil Procedure.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over RIM Ltd.'s counterclaims pursuant to 28 U.S.C. §§ 2201-2202, 1338 and 1331. A real, immediate, and justiciable controversy exists between RIM Ltd. and Saxon. The controversy relates to the invalidity and non-infringement of

U.S. Patent No. 5,592,555 ("the '555 patent"), U.S. Patent No. 5,771,394 ("the '394 patent"), U.S. Patent No. 5,502,689 ("the '689 patent"), and U.S. Patent No. 5,247,621 ("the '621 patent"). Saxon has accused RIM Ltd. of infringing these patents.

4. As the plaintiff in the above-captioned lawsuit, Saxon has consented to jurisdiction and venue in this Court.

### Count 1:  Declaratory Judgment of Patent Invalidity of the '555 Patent, the '394 Patent, the '689 Patent, and the '621 Patent

5. RIM Ltd. incorporates by reference each preceding allegation as though expressly stated herein.

6. Upon information and belief, each of the claims in the '555 patent, the '394 patent, the '689 patent, and the '621 patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 102, 103 and/or 112 and the rules, regulations, and laws pertaining thereto.

7. Accordingly, RIM Ltd. seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that the '555 patent, the '394 patent, the '689 patent, and the '621 patent are invalid.

### Count 2:  Declaratory Judgment of Non-Infringement of the '555 Patent, the '394 Patent, the '689 Patent, and the '621 Patent

8. RIM Ltd. incorporates by reference each preceding allegation as though expressly stated herein.

9. Upon information and belief, RIM Ltd. has not and does not infringe any of the claims of the '555 patent, the '394 patent, the '689 patent, and the '621 patent, literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

10. Accordingly, RIM Ltd. seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that it has not infringed (and does not infringe) any claim of the '555 patent, the '394 patent, the '689 patent, or the '621 patent.

### Count 3:  Declaratory Judgment of Unenforceability of the '689 Patent

11. RIM Ltd. incorporates by reference each preceding allegation as though expressly stated herein.

12. Saxon's allegations of infringement of the '689 patent are barred because the '689 patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct.

13. Upon information and belief, one or more individuals associated with the filing and prosecution of the '689 Patent application withheld material information from the United States Patent and Trademark Office ("USPTO") with an intent to deceive.

14. Specifically, upon information and belief, one or more persons involved with the filing and/or prosecution of the '689 patent, including, but not limited to, Dale E. Gulick, withheld, from the USPTO, two "data books" published by the original assignee of the '689 patent, Advanced Micro Devices, Inc. ("AMD").

15. Those data books, a June 1990 Rev. E version of the Am79C30A Digital Subscriber Controller and a June 1992 Rev. F version of the Am79C30A Digital Subscriber Controller Circuit (collectively, "the Am79C30A Data Books"), disclose each and every limitation of one or more of the issued claims of the '689 patent.

16. The Am79C30A Data Books were published by AMD prior to the priority date of the '689 patent and are therefore prior art to the claims of the '689 patent pursuant to 35 U.S.C. § 102.

17. As the Am79C30A Data Books disclose each and every limitation of the issued claims of the '689 patent, and as the Am79C30A Data Books are prior art to the claims of the '689 patent pursuant to 35 U.S.C. § 102, the Am79C30A Data Books were highly material to the patentability of the claims of the '689 patent.

18. Upon information and belief, at least Mr. Gulick was specifically aware of the disclosures of the relevant portions of the Am79C30A Data Books prior to and during the prosecution of the '689 patent as evidenced by the existence of several articles authored by Mr. Gulick discussing the Am79C30A digital subscriber controller circuit published prior to the priority date of the '689 patent.

19. Despite their high level of materiality, upon information and belief, Mr. Gulick and/or others involved with the filing and/or prosecution of the '689 patent withheld (i.e., failed to submit) the Am79C30A Data Books to the USPTO during the prosecution of the '689 patent.

20. Upon information and belief, Mr. Gulick and/or others withheld the Am79C30A Data Books from the USPTO with an intent to deceive, as the claims of the '689 patent would not have issued in their current form had the Am79C30A Data Books been provided to the USPTO. Moreover, the high level of materiality of the Am79C30A Data Books results in an inference of an intent to deceive the USPTO.

21. As such, upon information and belief, Mr. Gulick, a named inventor of the '689 patent, and/or others, committed inequitable conduct, and RIM Ltd. accordingly seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that the '689 patent is unenforceable.

## Count 4:  Attorneys Fees and Costs

22. RIM Ltd. incorporates by reference each preceding allegation as though expressly stated herein.

23. RIM Ltd. is entitled to a declaration that this is an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling RIM Ltd. to an award of its reasonable and necessary attorneys' fees, expenses, and costs incurred in this action.

## JURY DEMAND

24. RIM Ltd. demands trial by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counter-Plaintiff Research In Motion Ltd. prays for the following relief:

(a) a declaration and judgment that U.S. Patent No. 5,592,555 is invalid;

(b) a declaration and judgment that U.S. Patent No. 5,592,555 is not infringed by Research In Motion Ltd.;

(c) a declaration and judgment that U.S. Patent No. 5,771,394 is invalid;

(d) a declaration and judgment that U.S. Patent No. 5,771,394 is not infringed by Research In Motion Ltd.;

(e) a declaration and judgment that U.S. Patent No. 5,502,689 is invalid;

(f) a declaration and judgment that U.S. Patent No. 5,502,689 is not infringed by Research In Motion Ltd.;

(g) a declaration and judgment that U.S. Patent No. 5,502,689 is unenforceable;

(h) a declaration and judgment that U.S. Patent No. 5,247,621 is invalid;

(i) a declaration and judgment that U.S. Patent No. 5,247,621 is not infringed by Research In Motion Ltd.;

(j) an award of reasonable attorneys' fees and costs incurred by Research In Motion Ltd. in this action; and

(k) such other and further relief as this Court deems just and proper.

Dated:  December 30, 2008.

                    Respectfully submitted,

By:  /s/ *Peter J. Chassman*
     Peter J. Chassman, **Attorney In Charge**
     Texas Bar No. 00787233
     Email:  chassmanp@howrey.com
     Tyler T. VanHoutan
     Texas Bar No. 24033290
     Email: vanhoutant@howrey.com
     HOWREY LLP
     1111 Louisiana, 25th Floor
     Houston, Texas 77002
     Telephone:   (713) 787-1400
     Facsimile:    (713) 787-1440

     **COUNSEL FOR DEFENDANT,
     RESEARCH IN MOTION LTD.**

OF COUNSEL:

Harry L. "Gil" Gillam, Jr.
Texas Bar No. 07921800
Email:  gil@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 S. Washington Avenue
Marshall, TX, 75670-4157
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257

17

## **CERTIFICATE OF SERVICE**

      I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 30th day of December, 2008, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                      /s/ *Peter J. Chassman*